IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ONOFRIO POSITANO,** : | CIVIL ACTION NO. 1:19-CV-1820 |
| : | |
| Plaintiff : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **CORRECT CARE SOLUTIONS,** : | |
| **WELL PATH MEDICAL, JOSEPH** : | |
| **SILVA, COURTNEY RODGERS**, and : | |
| **JOHN STEINHART,** : | |
| : | |
| Defendants : | |

# ORDER

AND NOW, this 4th day of December, 2020, upon consideration of the report (Doc. 60) of Magistrate Judge Martin C. Carlson, recommending that the court deny *pro se* plaintiff Onofrio Positano's requests (Docs. 39, 51) for entry of default and default judgment against defendants Joseph Silva and John Steinhart, and the court observing that Positano has filed objections (Doc. 66) to the report, see FED. R. CIV. P. 72(b)(2), and following *de novo* review of the contested portions of the report, see E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, see id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), as well as a careful review of the docket in this matter, the court agreeing with Judge Carlson's conclusion that this matter should be resolved on

the merits, and thus overruling Positano's objections to the report,[1] it is hereby

ORDERED that:

1. The report (Doc. 60) of Magistrate Judge Carlson is ADOPTED.

2. Positano's motions (Docs. 39, 51) for entry of default and default judgment are DENIED.

3. This matter is REMANDED to Magistrate Judge Carlson for further pretrial management.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

---

[1] We note that both defendants' opposition brief and the pending report attribute the docket entry that led to the late-filed motion to the court rather than to counsel. Defendants contend that the relevant docket entry "recited that these Defendants had until September 28, 2020 to answer" and that defendants filed their Rule 12 motion "before that date, on September 23, 2020." (Doc. 59 at 1). Similarly, the report concludes that the "default was not the result of the defendants' culpable conduct since the defendants were relying upon an erroneous docket entry made by the court when filing their responsive pleadings in this case." (Doc. 60 at 5). But it was counsel, not the court, who was responsible for the error. When counsel filed the waiver of service form, the CM/ECF system prompted counsel to enter the date the plaintiff sent the waiver forms, not the date that the form was received or the date it was signed or accepted. It was an input error by the filer that produced the inaccurate docket text. Moreover, the Federal Rules of Civil Procedure, which plainly control over automated docket text, make clear that an answer is due "60 days after the request was *sent*." See FED. R. CIV. P. 4(d)(3) (emphasis added). It was counsel's responsibility to independently calculate their answer date based on the Federal Rules. This culpability notwithstanding, the court agrees with Judge Carlson that the relevant factors favor resolving this case on the merits. For that reason, we adopt Judge Carlson's report and will deny Positano's motions.